UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HAROLD STONE and JOHN WOESTMAN,
for themselves and others similarly-situated, and
UNITED STEEL, PAPER AND FORESTRY,
RUBBER, MANUFACTURING, ENERGY,
ALLIED INDUSTRIAL AND SERVICE
WORKERS INTERNATIONAL
UNION, AFL-CIO-CLC,

    Plaintiffs,

SIGNODE INDUSTRIAL GROUP LLC and
ILLINOIS TOOL WORKS INC., jointly and severally,

    Defendants.

Case No. 17-cv-5360
Class Action

U.S. District Judge
Thomas M. Durkin

_____/

**RETIREES' EMERGENCY SHOW-CAUSE MOTION (1) TO ENFORCE
THIS COURT'S MARCH 26, 2019 PERMANENT INJUNCTION (R. 64)
AND (2) FOR TELEPHONIC HEARING**

1. Plaintiffs Stone, Woestman, and USW (collectively, the "retirees") move to enforce this Court's March 26, 2019 injunction ordering defendants Signode and Illinois Tool Works (collectively, the "company") to reinstate retiree healthcare. The permanent injunction (R. 64) is Exhibit A.

2. This Court also entered a March 26 limited stay order—to which all parties stipulated—staying proceedings as to damages and related matters while the company appeals the injunction. The order specifies that the limited stay "shall not impair plaintiffs' rights to enforce the Court's permanent injunction." The stipulated order (R. 65) is Exhibit B.

3. It is now 41 days after this Court's March 26 injunction, but the company has *not* reinstated the healthcare. The company has not specified the reinstatement date or otherwise taken meaningful action to comply with the injunction. Apologizing for the company's "delayed

response" last Friday afternoon, company counsel emailed (Ex. C) retirees' counsel the company's May 3 letter (Ex. D), presumably mailed to the retirees that afternoon.

5. The company letter sets new hurdles for the retirees. "If" a retiree is "interested in reinstating coverage," the retiree must return the company's "Reinstatement of Retiree Medical Form." The Form asks retirees for information the company already knows, *e.g.*, addresses and social security numbers. Once the Form is returned—Signode writes—the company "will be in touch regarding the next steps"—unspecified "steps" needed to "reinstate coverage." (Ex. D).

6. On Friday afternoon, the retirees asked the company to promptly reinstate the healthcare—to relieve the retirees and their families of healthcare-related anxieties and to permit them to plan their lives. Plaintiffs offered to discuss the situation on Saturday or Sunday, advising that if the situation was not resolved, the retirees would ask this Court for relief on Monday, May 6. (Ex. E).

7. Later, on Friday night, the company then belied its "apology" for its "delayed response." The company moved to stay the March 26 injunction, further delaying healthcare reinstatement. The company filed its motion on May 3 at 9:00 p.m. (R. 71-72).

8. The company's May 3 motion is belated, coming **(1)** 51 days after the Court's March 13 summary judgment (R. 55); **(2)** 38 days after the March 26 injunction directing healthcare reinstatement (R. 64); **(3)** 38 days after the March 26 limited stay specifically preserving the retirees' "rights to enforce the Court's permanent injunction" (R. 65); **(4)** 30 days after the company appealed (R. 68); **(5)** the same day on which the company supposedly apologized for its "delayed response" (Ex. C); and **(6)** the same afternoon the company presumably wrote to the retirees (Ex. D).

2

9. For the 38 days since the injunction, the company told retirees' counsel nothing about the company's intention to try to undo its March 26 Court-ordered obligation to reinstate healthcare.

10. Plaintiffs will timely oppose the company's belated and groundless stay request. Now, we point out that the company's May 3 conduct highlights that the company has ignored the injunction, and has lacked candor about its intentions. (Ex. F).

11. On May 3, the retirees asked the company to concur in the relief sought in this emergency motion. (Ex. E). On May 6, the company denied concurrence, necessitating this motion.

12. Plaintiffs ask this Court to **(1)** enforce the March 26 injunction, **(2)** set an emergency telephonic hearing to address enforcement, and **(3)** require the company to show cause for its failure to reinstate healthcare and for imposing new hurdles on retirees.

|  |  |
|---|---|
| Stephen A. Yokich (IL 6181707)<br>Dowd, Bloch, Bennett, Cervone,<br>　Auerbach & Yokich<br>8 S. Michigan Ave., 19th Floor<br>Chicago, IL  60603<br>(312) 372-1361<br>syokich@laboradvocates.com | s/John G. Adam<br>Stuart M. Israel (MI P15359)<br>John G. Adam (MI P37205)<br>Legghio & Israel, P.C.<br>306 South Washington, Suite 600<br>Royal Oak, MI 48067<br>(248) 398-5900<br>israel@legghioisrael.com<br>jga@legghioisrael.com |
| May 6, 2019 | Attorneys for Plaintiffs |

## CERTIFICATE OF SERVICE

      I certify that on May 6, 2019, I caused the foregoing paper to be electronically filed with the Clerk of the Court using the ECF system which will send notification of filing to all participating in the CM/ECF system.

                                          s/John G. Adam
                                          John G. Adam