UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HAROLD STONE, et al., | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:17-cv-5360 |
| | ) | |
| v. | ) | |
| | ) | Judge John Kness |
| SIGNODE INDUSTRIAL GROUP LLC, | ) | Magistrate Judge Susan E. Cox |
| et al., | ) | |
| | ) | |
| Defendants. | | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff's Motion to Compel [dkt. 149] is granted in part and denied in part. The motion is granted to the extent it seeks information and documents related to Defendants' profits, "consequential gains," and "saved expenditures" regarding Defendants' failure to provide health benefits for retirees. The motion is denied to the extent it seeks discovery regarding Defendants' compliance with the District Court's permanent injunction. The parties are ordered to file an updated joint status report on 7/23/21 with any proposed discovery schedule necessary to complete discovery in this matter.

**I.      Background**

This matter is brought by two individual retirees on behalf of other similarly situated retirees of the Acme Packaging Plant in Riverdale, Illinois.[1] [Dkt. 152 at 1.] Defendant Signode Industrial Group, LLC ("Signode") assumed an obligation to pay health-care benefits to retirees under an agreement that stated that those benefits would not be "terminated . . . notwithstanding the expiration" of the underlying agreement. *Stone v. Signode Industrial Group, LLC*, 943 F.3d 381, 382 (7th Cir. 2019). Eventually, Signode terminated the underlying agreement and stopped

---

[1] A full factual background of this case can be found in *Stone v. Signode Industrial Group, LLC*, 943 F.3d 381 (7th Cir. 2019). The Court only recites the limited facts necessary to determine the issues currently before it.

1

providing the health-care benefits to the retirees. *Id.* Plaintiffs then filed the instant suit, alleging that Defendants had breached the agreement "in violation of both § 301 of the Labor-Management Relations Act, 29 U.S.C. § 185, and § 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a)(1)(B)." *Id.* at 384. On summary judgment, the District Judge held that Signode did not have the right to terminate the health-care benefits and entered a permanent injunction ordering Signode to re-instate the benefits; that decision was upheld on appeal. *Id.* at 384, 390.

On remand, proceedings in this matter continue regarding damages, discovery, class certification, and fees and costs. [Dkt. 136.] As part of discovery on damages, Plaintiffs served document requests and interrogatories on Defendants. The parties reached impasse on two issues, which led to the instant motion to compel; specifically, Plaintiffs move to compel Defendants to produce information regarding: (1) "saved expenditures" and "other consequential gains" realized after Defendants ceased providing healthcare benefits in 2016, and (2) "injunction compliance" regarding the restoration of health-care benefits. For the reasons discussed more fully below, the motion is granted as to the first issue and denied as to the second.

## II. Discussion

### A. Saved Expenditures and Consequential Gains

Plaintiffs are seeking to compel documents and interrogatory responses related to Defendants' profits, "consequential gains," and "saved expenditures" regarding Defendants' failure to provide health benefits for retirees. Plaintiffs are seeking disgorgement and restitution of these gains as an equitable remedy under section 502(a)(3) of ERISA. Defendants make several arguments why such discovery should not be allowed in this suit. While many of Defendants' arguments may be persuasive in a dispositive motion, a discovery motion is not the proper vehicle to raise such assertions, and the Court rejects them for purposes of this motion.

2

First, Defendants argue that the discovery Plaintiffs seeks is irrelevant because "the Supreme Court held long ago that ERISA did not allow extracontractual damages in cases seeking wrongfully denied benefits." [Dkt. 152 at 6 (citing *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 148 (1985)).] However, the case law in this circuit is not as cut and dried as Defendants' brief suggests. *Compare Resnick v.* Schwartz, 2018 WL 4191525 at *9 (N.D. Ill. Sept. 3, 2018) (dismissing claim for disgorgement); *with Mondry v. Am. Fam. Mut. Ins. Co.*, 557 F.3d 781, 806 (7th Cir. 2009) (allowing restitution under § 502(a)(3) for "the lost time value of the money [plaintiff] was forced to expend on [her son's] speech therapy until at last she . . . was able to prevail in her Level Two appeal."). In short, the issue of whether extra-contractual equitable relief is available on Plaintiffs' claims under § 502(a)(3) is a highly fact-specific question that is not amenable to being resolved on a motion to compel. In fact, a review of the case law cited by the parties in their briefs shows that these issues are almost exclusively determined on dispositive motions. Here, a finding that Plaintiff's damages claims are not viable would be tantamount to a ruling on the merits of those claims and not within this Court's jurisdiction. For purposes of this motion, discovery is available for any information that is relevant to the claims that are live in the case. *See* Fed. R. Civ. P. 26(b). As it stands, Plaintiffs' claims for disgorgement of "consequential gains" and "saved expenditures" are still in the case, and the discovery Plaintiffs seeks on these issues is relevant. The Court rejects Defendants' arguments.

Second, Defendants argue that Plaintiffs cannot bring a claim pursuant to § 502(a)(3) because Plaintiff's § 502(a)(1)(B) claim for money damages would make them whole, thereby precluding a § 502(a)(3) claim for equitable relief. This argument is certainly compelling and there is ample case law to support Defendants' arguments. *See, e.g.*, *Nemitz v. Metropolitan Life Ins. Co.*, 2013 WL 3944292 (N.D. Ill. July 31, 2013). However, a ruling in Defendants' favor on this issue would require the Court to make a finding on the merits that Plaintiffs' are made whole by

3

the damages they seek in their § 502(a)(1)(B) claims; quite literally, the Court would be asked to find that Plaintiffs' § 502(a)(3) claim is not viable and should be dismissed, which is not appropriately done via a motion to compel.[2] As such, the Court likewise rejects Defendants' second argument; Plaintiffs' § 502(a)(3) claim is currently a claim still in the case and Plaintiffs should be allowed to explore discovery related to equitable relief under that section.

Third, Defendants argue Plaintiffs are required to show that the funds they seek to recover as restitution can be specifically identified and remain in Defendants' possession. *See Montanile v. Bd. Of Trustees of the National Elevator Industry Health Benefit Plan*, 577 U.S. 136 (2016). Again, the Court does not take issue with Defendants' reading of the case law; the Supreme Court's decision in *Montanile* was clear and decisive. However, Defendants' argument poses dispositive issues and questions of fact and law that are not properly decided on a motion to compel, and the Court will not reach them here. To the extent Defendants believe that such claims are improper or unavailable, they must file the appropriate motion to dispose of those claims. The scope of discovery is only limited to whether the material sought is "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b). Plaintiffs have made a claim for restitution and the discovery they seek in the motion to compel is relevant to that issue. Until that claim is dismissed from the suit, the Court must allow discovery to move forward. The Court rejects Defendants' argument on this point.

Finally, Defendants contend the Court should deny Plaintiffs' motion because it is based on "outdated" Seventh Circuit case law in light of the aforementioned *Montanile* case. Defendants claim that "[t]he Seventh Circuit is explicit that Plaintiffs' cases are no longer good law." [Dkt. 152

---

[2] The cases cited by Defendants in the section of their brief related to this argument are all opinions on motions to dismiss pursuant to Rule 12(b)(6). While such a motion would not be available to Defendants because they have already answered the complaint, a limited summary judgment motion before the District Judge might provide the relief Defendants seek here.

4

at 11.] The citation for this proposition, however, is a district court case and is not binding precedent on this Court; the Seventh Circuit Court of Appeals had made no such finding overturning or abrogating the case law cited by Plaintiffs. Nonetheless, even if Defendants were correct, the Court reiterates that this is wrong vehicle in which to raise such an argument.

Because none of Defendants' arguments demonstrate that Plaintiffs' discovery requests are irrelevant to claims that are still live in this lawsuit, the Court rejects them and grants Plaintiffs' motion to compel discovery regarding Defendants' profits, "consequential gains," and "saved expenditures" related to Defendants' failure to provide health benefits for retirees.

### B. Injunction Compliance

The motion is denied to the extent Plaintiffs seek discovery on compliance with the District Court's permanent injunction. The Plaintiffs have won a permanent injunction requiring Signode to reinstate the health-care benefits for retirees. To the extent Plaintiffs believe Defendants have failed to comply with the court-ordered injunction, they should file a motion to enforce that injunction before the District Judge, who can then order briefing or any evidentiary hearing necessary to determine whether Defendants have followed the injunction order.[3] The Court will not instead allow Plaintiffs to go on the proverbial fishing expedition to explore whether Defendants are reinstating health-care benefits in a manner that is consistent with the requirements of the permanent injunction before a motion to enforce is filed. Plaintiffs are attempting to accomplish through standard discovery what should be attempted through post-judgment enforcement proceedings before the District Judge. Just as Defendants raised their arguments as to the viability of Plaintiffs' claims via the incorrect procedural method, so too have the Plaintiffs on this issue. As such, the Court denies Plaintiffs' motion to the extent it seeks discovery on

---

3 As Defendants noted in their brief, the District Judge has repeatedly advised Plaintiffs to bring a motion to enforce if they had any issue with Defendants' compliance with the injunction. [Dkt. 152 at 13.]

Defendants' injunction compliance.

### III. Conclusion

Plaintiff's Motion to Compel [dkt. 149] is granted in part and denied in part. The parties are ordered to file an updated joint status report on 7/23/21 with any proposed discovery schedule necessary to complete discovery in this matter.


Entered: 7/9/2021

_____
U.S. Magistrate Judge, Susan E. Cox