# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| HAROLD STONE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> SIGNODE INDUSTRIAL GROUP LLC, *et al.*, <br><br> Defendants. | No. 17-cv-05360 <br><br> Judge John F. Kness |

## MEMORANDUM OPINION AND ORDER

Plaintiffs bring this class action to enforce wrongfully denied healthcare benefits under a collective bargaining agreement. This Court, by the previously assigned judge, granted Plaintiffs a permanent injunction that ordered Defendants to reinstate Plaintiffs' benefits; the Seventh Circuit upheld that ruling in a published opinion. Still remaining before this Court is a determination regarding damages. To assist in the resolution of this phase, the case has been referred to Magistrate Judge Susan E. Cox for supervision of discovery.

On July 9, 2021, Judge Cox granted in part and denied in part Plaintiffs' motion to compel Defendants to produce information and documents related to Defendants' profits, "consequential gains," and "saved expenditures" regarding Defendants' failure to provide health benefits for the retirees, as well as information and documents related to Defendants' compliance with the Court's injunction order. Now before the Court are Plaintiffs' and Defendants' objections to those portions of

Judge Cox's ruling adverse to the respective parties. For the following reasons, the Court denies the parties' objections and affirms Judge Cox's ruling.

## I. BACKGROUND

As described more fully in previous opinions (*e.g.*, Dkt. 55), Plaintiffs are a labor union and two former employees of Defendants' predecessor. Plaintiffs brought this case on behalf of other similarly situated retirees of the former Acme Packaging Plant in Riverdale, Illinois, against Defendants for terminating Plaintiffs' healthcare benefits in 2016 in violation of both Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185, and Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). In 2019, the Court granted summary judgment in favor of Plaintiffs and entered a permanent injunction ordering Defendants to reinstate Plaintiffs' healthcare benefits. That decision was upheld on appeal. *Stone v. Signode Indus. Group LLC*, 943 F.3d 381 (7th Cir. 2019).

After the Court lifted the post-appeal stay as to the remaining open matters, it referred the case to Judge Cox to supervise pending discovery relating primarily to damages. (Dkt. 168.) As part of that discovery inquiry, Plaintiffs served document requests and interrogatories on Defendants. The parties reached an impasse on two issues, which led Plaintiffs to move to compel Defendants to produce information regarding: (1) profits, "saved expenditures" and "other consequential gains" realized after Defendants ceased providing healthcare benefits to Plaintiffs; and (2) "injunction compliance" regarding the restoration of healthcare benefits. (Dkt.

149.) Judge Cox granted the motion as to the first part and denied it as to the second. (Dkt. 175.)

Defendants challenged Plaintiffs' motion on three primary grounds. *First*, Defendants asserted that ERISA § 502(a)(3) (providing for "other appropriate relief") does not permit the extracontractual equitable relief sought by Plaintiffs. *Second*, Defendants argued that, even if ERISA does permit recovery of extracontractual damages, a § 502(a)(1)(B) claim for money damages would make Plaintiffs whole and thus precludes a § 502(a)(3) claim for equitable relief. *Third*, Defendants contended that Plaintiffs failed to show that the requested funds are in Defendants' possession and can be identified as required under *Montanile v. Board of Trustees of the National Elevator Industry Health Benefit Plan*, 577 U.S. 136, 144 (2016).

Judge Cox rejected each of Defendants' arguments for being, although persuasive in a potential future dispositive motion, improperly raised in response to a discovery motion. (Dkt. 175 at 2.) Judge Cox explained that whether ERISA permits extracontractual equitable relief is "a highly fact-specific question," the answer to which "is not as cut and dried as Defendants' brief suggests," and that is "almost exclusively determined on dispositive motions." (*Id.* at 3.) Similarly, Judge Cox held that "a finding on the merits that Plaintiffs[] are made whole by the [money] damages they seek," as well as a determination of Plaintiffs' compliance with *Montanile*, would be inappropriate to make on a motion to compel. (*Id.* at 3–4.) Finally, Judge Cox rebuffed Defendants' final argument—that Plaintiffs relied on "outdated" Seventh Circuit case law in light of the aforementioned *Montanile* case—by remarking that

3

the citation for Defendants' proposition was a non-binding precedent on this Court. (*Id.* 5.)

As for the portion of Plaintiffs' motion to compel seeking discovery on Defendants' compliance with the Court's permanent injunction, Judge Cox refused to allow Plaintiffs to "go on the proverbial fishing expedition to explore whether Defendants are reinstating health-care benefits" as prescribed by the Court's order. (*Id.* at 5.) Judge Cox advised Plaintiffs that, to the extent they believe Defendants have failed to comply with the injunction, they should file a motion to that effect before the district judge, rather than improperly raise the issue through discovery. (*Id.* 5–6.)

Now before the Court are the parties' individually-filed Rule 72(a) Objections to the portion of Judge Cox's ruling adverse to each party. Defendants object to the grant of the motion to compel them to produce information and documents related to extracontractual equitable relief; to that end, Defendants request that the Court: (1) modify the part of Judge Cox's Order granting Plaintiffs' motion to compel discovery so that it instead entirely denies Plaintiffs' motion to compel; and (2) in the alternative, grant leave to file a limited summary judgment motion on the equitable remedies as recommended by Judge Cox. (*See* Dkt. 178.)

In turn, Plaintiffs object to the portion of Judge Cox's ruling denying their motion to compel discovery on injunction compliance. (*See* Dkt. 179.) The objections have been fully briefed. (Dkts. 180, 184); Fed. R. Civ. P. 72(a) advisory committee's

4

note to 1983 addition ("a party who is successful before the magistrate will be afforded an opportunity to respond to objections raised to the magistrate's ruling").

## II. LEGAL STANDARD

Rule 72(a) of the Federal Rules of Civil Procedure governs the review of nondispositive magistrate judge decisions and provides that the Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). That is because magistrate judges "enjoy extremely broad discretion in controlling discovery." *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013). Accordingly, the Court may overturn the magistrate judge's ruling "only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). Put another way, "the district judge reviews magistrate-judge discovery decisions for clear error." *Domanus v. Lewicki*, 742 F.3d 290, 295 (7th Cir. 2014).

## III. DISCUSSION

Parties may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b). Whether ERISA precludes what are, in effect, disgorgement and restitution remedies in this case remains an unsettled question of law. For this reason, it is improper to resolve the issue on a discovery motion. Accordingly, and as explained more fully below, Judge Cox's decision to permit discovery on matters relevant and proportional to Plaintiffs' damages claims—which include a claim for

5

equitable relief under ERISA—does not rise to the level of clear error under Rule 72(a) of the Federal Rules of Civil Procedure.

    A.    <u>Defendants' Objection</u>

Defendants object to Judge Cox's ruling on the ground that Plaintiffs' requested discovery on profits, "consequential gains," and "saved expenditures" is neither relevant nor proportional to the needs of this case and should have been denied. (*See* Dkt. 178.) Defendants' objection, however, necessarily rests on the premise that the extracontractual equitable relief Plaintiffs seek is not available under § 502(a)(3) of ERISA. (*Id.* at 5–7.) For this reason, Defendants argue that Judge Cox's order was contrary to law that Defendants assert makes such relief "not available." (*Id.* at 3.)

Plaintiffs respond that relief under ERISA is determined by judicial discretion, informed by "the totality of the circumstances," and tailored to "adequately remedy" statutory violations. (Dkt. 180 at 2–6.) Plaintiffs also argue that no ERISA principle bars the combination of a § 502(a)(1)(B) money damages award with additional § 502(a)(3) equitable relief where the facts warrant both. (*Id.* at 3.)

To begin, Defendants fail to present binding authority that disgorgement or restitution under ERISA § 502(a)(3) are prohibited forms of relief. Section 502(a)(3) provides that a civil action may be brought "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain *other appropriate equitable relief* (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."

6

29 U.S.C. § 1132(a)(3) (emphasis added). Judge Cox correctly found that Defendants' response, although instructive, did not fully resolve the Court's question concerning Plaintiffs' right to disgorgement and restitution remedies. *Compare Resnick v. Schwartz*, 2018 WL 4191525, at *9 (N.D. Ill. Sept. 3, 2018) (dismissing claim for disgorgement) *with Mondry v. Am. Fam. Mut. Ins. Co.*, 557 F.3d 781, 806 (7th Cir. 2009) (allowing restitution under § 502(a)(3)).

Defendants also declare that "the Supreme Court held long ago that ERISA did not allow extracontractual damages in cases seeking wrongfully denied benefits." (Dkt. 152 at 6 (citing *Mass. Mut. Life. Ins. Co. v. Russell*, 473 U.S. 134 (1985)).) But that is an overbroad and incorrect reading of *Russell*. In *Russell*, the Supreme Court expressly refused to decide this issue, resolving only whether "appropriate relief under section 409" referred to in ERISA § 502(a)(2) includes individual recovery by a participant or beneficiary of extracontractual damages for breach of fiduciary duty. *Russell*, 473 U.S. at 139, n.5 ("Because respondent relies entirely on § 409(a), and expressly disclaims reliance on § 502(a)(3), we have no occasion to consider whether any other provision of ERISA authorizes recovery of extracontractual damages"); *id.* at 150 (Brennan, J., concurring) ("This [case] does not resolve, of course, whether and to what extent extracontractual damages are available under § 502(a)(3)"). Respecting the unresolved nature of the law governing extracontractual damages under ERISA and its relevance to Plaintiffs' claims, Judge Cox did not commit clear error in permitting discovery on extracontractual relief.

7

Assuming ERISA permits disgorgement or restitution remedies, it remains unclear whether Plaintiffs can ultimately recover under both § 502(a)(1)(B) and § 502(a)(3). ERISA § 502(a)(3) is a catchall provision that acts "as a safety net, offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy." *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996). But "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be appropriate. *Id.* at 515 (internal quotation omitted). Most circuits that have interpreted *Varity* interpret that case to bar relief under 502(a)(3) when relief is available under § 502(a)(1)(B). *See Antolik v. Saks, Inc.*, 463 F.3d 796, 803 (8th Cir. 2006); *Korotynska v. Met. Life. Ins. Co.*, 474 F.3d 101, 107 (4th Cir. 2006); *Ogden v. Blue Bell Creameries U.S.A., Inc.*, 348 F.3d 1284, 1287–88 (11th Cir. 2003); *Tolson v. Avondale Indus., Inc.*, 141 F.3d 604, 610–611 (5th Cir. 1998); *Wilkins v. Baptist Healthcare Sys.*, 150 F.3d 609, 615–16 (6th Cir. 1998); *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474–75 (9th Cir. 1997). But although several judges in this District follow that rule, *see Roque v. Roofers' Union Welfare Trust Fund*, 2013 WL 2242455, at *6 (N.D. Ill. May 21, 2013) (collecting cases), the Seventh Circuit has not yet provided binding guidance on the issue.

Plaintiffs muddy the waters by relying on *Rochow v. Life Ins. Co. N. Am.*, 780 F.3d 364 (6th Cir. 2015), but that non-binding decision runs counter to Plaintiffs' claim for equitable relief altogether. (*See* Dkt. 180 at 3–5); *see Rochow*, 780 F.3d at 374–75. In *Rochow*, the Sixth Circuit vacated the district court's disgorgement award

8

under § 502(a)(3) after holding that the plaintiff, who "suffered the wrongful denial of his benefits, an injury adequately remedied under § 502(a)(1)(B)," could not also obtain relief under § 502(a)(3). *Id. Rochow* thus followed the predominant Circuit interpretation of *Varity* by barring equitable relief where compensatory damages are available.

Ultimately, Defendants may establish that Plaintiffs' request for equitable relief cannot coexist with an available damages remedy. But it is premature to resolve that issue. Given the unsettled status of the law on this issue, and because the compelled discovery may be relevant to the Court's future determination of what, if any, "other appropriate relief" may be available to Plaintiffs under § 502(a)(3), information and documents related to Defendants' profits, "consequential gains," and "saved expenditures" regarding Defendants' failure to provide health benefits for the retirees falls within the broad scope of discovery authorized under the Rule 26(b) of the Federal Rules of Civil Procedure. This is particularly so given that Plaintiffs are entitled to make-whole relief under ERISA § 502(a)(1)(B) (Dkt. 178 at 5). Any determination now that equitable relief is unavailable would necessarily require the Court also to find—prematurely—that Plaintiffs are made whole by the money damages they seek. *See Nemitz v. Metropolitan Life Ins. Co.*, 2013 WL 3944292, at *3–4 (N.D. Ill. July 31, 2013) (explaining "where § 502(a)(1)(B) provides adequate relief, identical relief is not available under § 502(a)(3)" and noting that rule has been adopted by "the majority of circuits . . . [and nearly uniformly by] courts in this district").

9

In view of the present posture of this case, Judge Cox acted reasonably in deciding that the better approach is discovery now, motion practice later. That finding in turn requires the Court to hold that Judge Cox's ruling was not clearly erroneous or contrary to law. Accordingly, Defendants' objection is overruled.[1]

B.     Plaintiffs' Objection

For their part, Plaintiffs object to Judge Cox's resolution of the motion to compel regarding Defendants' compliance with the existing injunction. Plaintiffs contend that Judge Cox's "motion first, discovery later" proposition is "inefficient, uneconomical, and unfair to the retirees." (Dkt. 179 at 2.) Plaintiffs argue that (1) the health plan Defendants restored in 2020 is materially different from the plan Defendants canceled in 2015, the denial of which led to this suit (*id.* at 3); (2) Defendants' communications to retirees, as required by the injunction order, were deficient (*id.* at 3–4); and (3) the newly set premiums are arbitrarily excessive and thus not comparable to the wrongfully cancelled plan (*id.* at 5). Plaintiffs also argue that Judge Cox's ruling disregards the Court's order directing Defendants to provide Plaintiffs with "ongoing reports detailing defendants' efforts to comply with the injunction." (*Id.* at 9 (cleaned up).)

It is axiomatic that "[t]he proper vehicle to enforce a court order is a motion in the original case," *In re Cons. Indus.*, 360 F.3d 712, 716 (7th Cir. 2004), not a motion to compel discovery on the matter. Judge Cox's refusal to allow Plaintiffs to go on a

---

[1] Because the availability of equitable remedies under ERISA is only one of the live issues in this case, it is unnecessary (and likely impractical) to bifurcate the resolution of other issues between now and the close of discovery. Accordingly, Defendants' request for a limited summary judgment motion is denied without prejudice.

10

"proverbial fishing expedition" and explore whether Defendants complied with the Court's injunction order leaves the Court far from a "definite and firm conviction that a mistake has been made." *See Weeks*, 126 F.3d at 943. Just the opposite; Judge Cox correctly concluded that the Plaintiffs (like the Defendants) used the wrong procedural tool to gather information outside the bounds of Rule 26(b). If what Plaintiffs allege is true—if Defendants are in fact violating the Court's order—Plaintiffs retain the discretion to seek relief by way of an appropriate motion.

## IV. CONCLUSION

For the reasons above, the parties' objections [178] [179] to Judge Cox's ruling are denied.

SO ORDERED in No. 17-cv-05360.

Date: February 9, 2022

JOHN F. KNESS
United States District Judge

11